# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 16, 2018

Lyle W. Cayce
Clerk

No. 17-20603

In the matter of: TECHNICOOL SYSTEMS, INCORPORATED,

     Debtor,

ROBERT FURLOUGH,

     Appellant,

v.

TRUSTEE LOWELL T. CAGE,

     Appellee.

Appeal from the United States District Court
for the Southern District of Texas

Before SMITH, WIENER, and WILLETT, Circuit Judges.

DON R. WILLETT, Circuit Judge:

Treating Appellant's motion to amend our opinion as a petition for panel rehearing, the petition is GRANTED. The prior opinion, *Matter of Technicool Systems, Inc.*, 893 F.3d 308 (5th Cir. 2018), is withdrawn, and the following opinion is substituted:

In bankruptcy litigation, the mishmash of multiple parties and multiple claims can render things labyrinthine, to say the least. To dissuade umpteen appeals raising umpteen issues, courts impose a stringent-yet-prudent standing requirement: Only those directly, adversely, and financially impacted by a bankruptcy order may appeal it.

No. 17-20603

This appeal is from a bankruptcy court order approving a trustee's application to employ special counsel. Appellant Robert Furlough, owner of the Debtor, Technicool Systems, objects to Trustee Lowell Cage's application to employ Stacy & Baker, P.C. (SBPC), alleging that SBPC holds an interest "adverse to the estate" under 11 U.S.C. § 327(a). Both the bankruptcy court and the district court held that Furlough lacked standing to object. We agree. Furlough's indirect interest in the order fails to meet the strict requirements for bankruptcy standing. Because the order does not reach his wallet, he cannot reach this court.

We AFFIRM.

## I

National Oilwell Varco (NOV) alleges that it purchased roughly 300 industrial-strength air conditioners from manufacturer Technicool Systems for use on specialty oil-and-gas rigs around the world.[1] According to NOV, the total cost exceeded $3 million. The units were marketed as "desert-proof." They weren't. After multiple units failed in the field, NOV, represented by SBPC, sued Technicool in Texas state court for fraud, breach of warranty, and negligent misrepresentation.

Shortly thereafter, Technicool filed for Chapter 7 bankruptcy and the resulting automatic stay froze NOV's state court lawsuit. NOV filed a Motion for Relief from the Stay to join Technicool's owner, Robert Furlough, to its state suit. After an evidentiary hearing, the bankruptcy court modified the automatic stay; it allowed NOV to add Furlough but prohibited NOV from alleging "any cause of action for damages suffered directly or indirectly by the Estate, or that otherwise are Estate property."

---

[1] The parties' underlying bankruptcy and state court claims remain pending; factual findings have yet to be made in those cases. The factual allegations here are derived from the parties' briefs and the record and thus are owed no deference in subsequent proceedings.

No. 17-20603

In addition to its state court suit against Technicool and Furlough, NOV filed a $3 million proof of claim in the bankruptcy case, representing 93 percent of the total claims filed by Technicool creditors. SBPC represented NOV in this suit too.

When discovery revealed that Furlough had formed other companies closely related to Technicool, the Trustee sought to consolidate the businesses and pierce the corporate veil. To that end, the Trustee filed an application to employ SBPC as special counsel under 11 U.S.C. § 327(a). Furlough objected to this application, arguing that SBPC was not a disinterested person as required by § 327(a) and that SBPC's representation of NOV was a disqualifying "interest adverse to the estate."

The bankruptcy court held a hearing on Furlough's objection. The Trustee presented an engagement letter, signed by SBPC, in which NOV agreed to transfer to the bankruptcy estate any funds it recovered from Furlough in the state court proceedings up to the total amount of creditor claims on file. At the close of the hearing, the court held that Furlough lacked standing to object because he was not a creditor and did not have a stake in the estate. It then approved the Trustee's application to employ SBPC.

The district court affirmed on standing, and Furlough timely appealed.

## II

Because this appeal arises from a district court order affirming the final judgment of a bankruptcy court, we apply the same standard of review as did the district court. That is, we review the bankruptcy court's factual findings

for clear error, and we review legal conclusions and mixed questions of fact and law de novo.[2] Standing is a question of law that we review de novo.[3]

Bankruptcy courts are not Article III creatures bound by traditional standing requirements.[4] But that does not mean disgruntled litigants may appeal every bankruptcy court order willy-nilly. Quite the contrary. Bankruptcy cases often involve numerous parties with conflicting and overlapping interests. Allowing each and every party to appeal each and every order would clog up the system and bog down the courts. Given the specter of such sclerotic litigation, standing to appeal a bankruptcy court order is, of necessity, quite limited.

Both the bankruptcy court and the district court concluded that Furlough lacked standing to contest the Trustee's application to employ SBPC. We agree.

## A

The narrow inquiry for bankruptcy standing—known as the "person aggrieved" test—is "more exacting" than the test for Article III standing.[5] Rather than showing the customary "fairly traceable" causal connection,[6] a bankruptcy appellant must instead show that he was "directly

---

[2] *See In re Mercer*, 246 F.3d 391, 402 (5th Cir. 2001) (en banc) (citing *Randall & Blake, Inc. v. Evans (Matter of Canion)*, 196 F.3d 579, 584 (5th Cir. 1999)).

[3] *See Fortune Nat. Res. Corp. v. U.S. Dep't of Interior*, 806 F.3d 363, 366 (5th Cir. 2015) (citing *Joffroin v. Tufaro,* 606 F.3d 235, 238 (5th Cir. 2010)).

[4] *See Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation*, 32 F.3d 205, 210 n.18 (5th Cir. 1994) (explaining that "Article III is inapplicable to bankruptcy courts").

[5] *Matter of Delta Produce, L.P.*, 845 F.3d 609, 619 (5th Cir. 2016) (quoting *In Re Coho Energy, Inc.*, 395 F.3d 198, 203 (5th Cir. 2004)); *see also Coho Energy*, 395 F.3d at 202 (explaining that the "person aggrieved" test originated in 11 U.S.C. § 67(c) (1976) and noting that, although Congress did not include the provision "when the [Bankruptcy] code was revamped in 1978[,] . . . courts subsequently have found that this test continues to govern standing").

[6] *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (laying out the "three elements" that make up the "irreducible constitutional minimum" of standing: an injury in

and adversely affected pecuniarily by the order of the bankruptcy court."[7] In essence, bankruptcy standing requires "a higher causal nexus between act and injury."[8] This restriction narrows the playing field, ensuring that only those with a direct, financial stake in a given order can appeal it. Thus in bankruptcy litigation, as in life, "the more money we come across, the more problems we see."[9]

Furlough cannot show that he was "directly and adversely affected pecuniarily by the order of the bankruptcy court."[10] Furlough's primary contention is that, but for NOV's proof of claim, Technicool's assets would exceed its debt, and he would be entitled to any estate surplus. Because SBPC represents both NOV and the Trustee, Furlough argues, it might fail to disclose any problems with NOV's claim, robbing him of the possibility of recovering a surplus.

This speculative prospect of harm is far from a direct, adverse, pecuniary hit. Furlough must clear a higher standing hurdle: The order must burden his pocket before he burdens a docket. SBPC was appointed to assist the Trustee in consolidating claims and piercing the corporate veil. That appointment does not directly affect whether the bankruptcy court approves or denies NOV's claim against the estate, and thus it does not *directly* affect Furlough's pecuniary interests. Furlough's argument is essentially that if NOV's claim ceased to exist or dramatically decreased, the estate's assets would exceed its debt, and he would benefit financially. This might be true but it would not be

---

fact, a fairly traceable causal connection between the injury and the complained-of conduct, and a likelihood of redressability).

[7] *Fortune Nat. Res.*, 806 F.3d at 366 (quoting *Coho Energy*, 395 F.3d at 203).

[8] *Id.*

[9] NOTORIOUS B.I.G., *Mo Money Mo Problems*, *on* LIFE AFTER DEATH (Bad Boy/Arista 1997).

[10] *Fortune Nat. Res.*, 806 F.3d at 366 (quoting *Coho Energy*, 395 F.3d at 203).

No. 17-20603

a direct result of this appeal. That Furlough feels grieved by SBPC's appointment does not make him a "person aggrieved" for purposes of bankruptcy standing.

## B

Furlough claims another basis for standing. The Bankruptcy Code states that creditors have standing to oppose an application to employ special counsel if an actual conflicts exists. Under § 327(c), "a person is not disqualified for employment . . . solely because of such person's employment by or representation of a creditor, unless there is objection by *another creditor* or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest."[11] The Bankruptcy Code defines "creditor" as an entity that has: (1) "a claim against the debtor that arose at the time of or before the order for relief concerning the debtor"; (2) one of several specific types of claims against the estate; or (3) a community claim.[12]

Furlough asserts he has standing because he is *now* a creditor. But this argument proves too little, too late. Now matters not. Standing is "determined as of the commencement of the suit."[13] And Furlough was not a creditor at the time the Trustee sought to employ SBPC or at the time the bankruptcy court held a hearing on his objection. He purchased a proof of claim while his appeal was pending before the district court. Timing matters, though, and Furlough cannot belatedly claim creditor status and establish standing retroactively.

## III

Furlough is neither a "person aggrieved" under the exacting test for bankruptcy standing nor a creditor under 11 U.S.C. § 327(c). AFFIRMED.

---

[11] 11 U.S.C. § 327(c) (emphasis added).

[12] *Id.* at § 101(10).

[13] *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 458 (5th Cir. 2005) *(quoting Lujan*, 504 U.S. at 570 n.5).